| | | |
|---|---|---|
| United States District Court | Southern District of Texas | |

Donald E. Baxter, et al., §
 §
       Plaintiffs, §
 §
versus §    Civil Action H-09-1271
 §
United States of America, §
 §
       Defendant. §

# Amended Opinion on Summary Judgment

1. *Background.*

In 1984, Donald Baxter was a limited partner in two American Agri-Corp (AMCOR) partnerships: Oasis Date Associates (ODA) and Pump Station III Associates (PS3). The next year Baxter – and his wife Frances Baxter – filed their joint 1040 form with the Internal Revenue Service including losses from ODA and PS3.

In 1985, Baxter was a limited partner in a third AMCOR partnership, Agri-Venture 1985 (AV85). In 1986, the Baxters filed their 1040 with losses from AV85.

In 1987, the United States began investigating some of the AMCOR general partners.

In 1988, William Schreiber, as the purported Tax Matters Partner for AV85, agreed to extend the Service's deadline to issue a Final Partnership Administrative Adjustment to April 30, 1991.

On April 10, 1991, the Service issued FPAAs for ODA, PS3, and AV85 covering 1984 and 1985. Non-TMP partners for the three partnerships petitioned the United States Tax Court challenging the FPAAs on statute of limitations grounds. On November 20, 1991, the Tax Court cases were consolidated to

address the statute of limitations issue. In 1992, the Service and petitioning partners cross-moved for partial summary judgment on limitations. The Tax Court denied both motions in 1993. The consolidation was then severed the next year.

From 1996 to 2001, the Service settled with roughly half of the AMCOR partners over their partnership items and have generally been referred to as the settled partners. Baxter was one of the partners who did not settle with the Service and who have generally been called unsettled partners.

On July 1, 1999, the TMPs for ODA, PS3, and AV85 intervened in each respective Tax Court suit. In these suits, the TMPs and petitioning partners stipulated to be bound by certain limitations-related orders in an AMCOR test case, *Agri-Cal Venture Associates*. The Tax Court in *Agri-Cal* found the 1984 AMCOR tax returns were invalid, so the FPAA deadline had not expired. It also found that Schreiber's extensions, as TMP, of the FPAA deadline were effective. On July 19, 2001, the Tax Courts for ODA, PS3, and AV85 entered decisions saying that "the assessment of any deficiencies in income tax that are attributable to the adjustments of partnership items for the years 1984 and 1985 are not barred by the provisions of I.R.C. § 6229."

On September 2, 2002, based on these decisions, the Service assessed $29,917 in tax and $164,797 in interest against the Baxters for 1984. They promptly paid. On August 26, 2004, the Baxters administratively requested a refund of $168,754.

On August 31, 2004, based on the Tax Court decision, the SERVICE assessed $47,130 in tax and $90,513 in interest against the Baxters for 1985. They promptly paid. On August 29, 2006, the Baxters administratively requested a refund of $136,344.

On April 27, 2009, the Baxters sued the United States to refund the paid assessments. The parties have cross-moved for summary judgment.

2.   *Tax Equity and Fiscal Responsibility Act Overview.*

In 1982, Congress passed TEFRA in an attempt to balance a more efficient SERVICE system with protecting taxpayers' rights.

TEFRA classifies all tax items into one of three categories: partnership, nonpartnership, and affected items. A partnership item is an item required to be taken into account for the partnership's taxable year and is more appropriately determined at the partnership level. A nonpartnership item is an item not treated as a partnership item. An affected item is an item affected by a partnership item to the extent it is affected by it.

TEFRA created a two-step system where partnership items are first decided in a partnership-level proceeding and nonpartnership items are then determined in partner-level proceedings. Affected items can be determined at either level depending on the item itself.

3.   *Refund Action.*

The Baxters say that they should be refunded the assessed taxes they paid. They argue that the assessments were erroneous because the Service did not issue deficiency notices and the assessments were untimely.

    A.   *Deficiency Notices.*

Under Internal Revenue Code § 6213, the Service must not assess a deficiency on the taxpayer until notice has been sent to the taxpayer, unless an exemption specific to that taxpayer exists.[1] The Service is required to issue notices for deficiencies attributable to affected items, which require partner-level determinations.[2]

The Baxters' deficiency was attributable to their I.R.C. § 6501(a) assessment deadline, which establishes a three-year statute of limitations for the

---

[1] *See Freije v. Commissioner of Internal Revenue*, 125 T.C. 14, 36 (2005).

[2] 26 U.S.C. § 6230(a)(2)(A)(i).

Service to issue a FPAA.[3] The three-year 6501(a) deadline is an affected item.[4] The Service was then required to determine whether a partner-level exception to the 6501(a) deadline existed before assessing against the Baxters.

The Baxters filed their returns in 1985 and 1986, so their 6501(a) deadline expired in 1989 at the latest. The Service did not issue them a FPAA until 1991.

For the FPAA to be valid, the Service needed a partner-level exception applicable to the Baxters because there was no partnership-level exception that was binding on them.

I.R.C. § 6226 was amended in 1997, and this amendment applies to tax years after 1997. Because this case involves the 1985 and 1986 tax years, the pre-1977 version applies. Pre-1997 6226(d) forbid the Baxters from participating in the partnership-level proceedings because their three-year limitations period had already passed. The Tax Court did not have jurisdiction over the Baxters and could not bind them to an extension to their 6501(a) deadline with a partnership-level exception. A Tax Court's jurisdiction is limited and must not be expanded beyond the statutory authority.[5]

The Tax Court's agreed decision established that the parties to the partnership-level proceeding were "all parties ... who meet the interest requirements of I.R.C. § 6226(d)."[6] The Baxters were explicitly excluded under 6226(d), so they were not parties to the partnership-level proceeding. No partnership-level exception would then be binding on the Baxters.

If the court were to accept that the Baxters would be bound to the Tax

---

[3] 26 U.S.C. § 6501(a).

[4] *See Curr-Spec Partners, L.P. v. Commissioner of Internal Revenue*, 579 F.3d 391, 399 (5th Cir. 2009).

[5] *Estate of Smith v. Commissioner of Internal Revenue*, 429 F.3d 533, 537 (5th Cir. 2005).

[6] Pl.'s Mot. Summ. J., Ex. FFF ¶ 9.

Court partnership-level suits, they would solely be bound by the Tax Court's decisions. The lone Tax Court decision on limitations was that the "assessment of any deficiencies in income tax that are attributable to the adjustments to partnership items for [1984 or 1985] is not barred by the provisions of I.R.C. § 6229."[7]

This decision does not overcome the fact that the Baxters' assessment was barred since their 6501(a) deadline had expired. The decision is contractual in nature and its effect is determined by the intent of the parties that signed it.[8] The TMP did not agree to extend individual partners 6501(a) deadline at the partnership level.[9] Extensions were left to be decided based on the facts of the individual partners at partner-level proceedings.

Because no partnership-level extension was binding, for the Service to validly assess against the Baxters, it was required to do a partner-level determination of whether a extension to their 6501(a) deadline existed. A notice of deficiency was required, and the Service failed to issue one. The assessment is then invalid, and a refund is mandated.

The government argues that the notice of deficiency was unnecessary. A deficiency is the amount the actual tax liability exceeds what is reported on the return. The government says that a statute of limitations does not relate to the *amount* of a deficiency, so a notice was not required.

It is clear to the court that the statute of limitations relates to the amount of a deficiency. If the statute of limitations has expired, then the amount of the deficiency is zero. The court will not ignore basic mathematical principles just because the tax code is involved.

The government also argues that the Baxters are barred from raising the notice of deficiency grounds in their refund suit because it was not "specifically

---

[7] Pl.'s Mot. Summ. J., Exs. GGG, HHH, III.

[8] *Duffie v. United States*, 600 F.3d 362, 379 (5th Cir. 2010).

[9] Pl.'s Mot. Summ. J., Ex. JJJ.

detailed, both legally and factually, in [their] claim for refund."[10]

The Baxters may not have explicitly included the words "deficiency notice" in their refund claim, but the court does not expect the Baxters to include an itemized list of every possible grounds in their refund claim, making sure all the magic buzzwords are used. The Baxters raised the lack of a binding partnership-level exception to their 6501(a) deadline. This understandably raised the issue of a need for a notice of deficiency.

Because the Baxters are not bound by a partnership-level exception to their expired 6501(a) deadline, the Service was required to issue a notice of deficiency. It did not issue one, so a refund is mandated.

### B. Untimely Assessment.

An overpayment is the "amount of payment of ... internal revenue tax which is assessed or collected after expiration of the period of limitation."[11] "In the case of ... overpayment, the [Service] ... shall refund [the] balance to such person."[12]

As explained before, the Baxters' returns were as late as 1986, so their 6501(a) limitation period ended in 1989. The FPAAs were issued in 1991. There was no binding partnership-level extension on the Baxters, and no partner-level extension was determined. The Service assessed against the Baxters in 2002 and 2004, well after the limitations period expired.

The government argues that this court lacks jurisdiction to determine the statute of limitation for assessing against the Baxters. It argues that recent Fifth Circuit cases control and preclude jurisdiction. Under this line of cases, 6229

---

[10] *Mallette Bros. Const. Co., Inc. v. United States*, 695 F.2d 145, 155 (5th Cir. 1983).

[11] 26 U.S.C. § 6401.

[12] 26 U.S.C. § 6402.

extensions are deemed to be partnership items.[13] For settled AMCOR partners, when the government asserts 6229 to extend a 6501(a) limitations period, then the refund claim is attributable a partnership item, so I.R.C. § 7422(h) bars jurisdiction.[14] This analysis was also held to apply to unsettled AMCOR partners.[15] The government then says that the Baxters were required to raise their statute of limitations grounds in the partnership-level proceedings and are barred from raising them in their refund action.

7422(h) bars jurisdiction for refund actions attributable to partnership items. "Attributable to" has been generally held to mean "due to, caused by, or generated by."[16] This case does not require the court to determine the validity of a 6229 partnership-level exception but whether one was presented that is binding on the Baxters. The government's argument rests on the premise that the Baxters were required to raise the statute of limitations in the partnership-level proceeding. But, the Baxters were not allowed to participate and were not parties, or, if they were parties, they were bound by the Tax Court decision which shifted the limitations issue to be determined at the partner-level.

The court does not need to get to the heart of whether the government's pleaded exception was substantively attributable to the Baxters but must initially determine if it was procedurally valid and did not infringe upon the fundamental right to fair notice. The claim for refund is "due to" the expired 6501(a) period of limitations – an affected not partnership item. The court will not broadly expand the applicability of "attributable" to allow the government to plead 6229 at whim to correct its own past oversights. Ruling otherwise would permit the Service to have free reign to impose assessments and penalties on taxpayers who

---

[13] See Rodgers v. United States, 843 F.3d 181 (5th Cir. 2016).

[14] Irvine v. United States, 729 F.3d 455, 461-62 (5th Cir. 2013).

[15] See Foster v. United States, 801 Fed. Appx. 210 (5th Cir. 2020).

[16] Stanford v. Commissioner of Internal Revenue, 152 F.3d 450, 459 (5th Cir. 1998).

play by the rules without judicial review by merely claiming a 6229 exception existed.

Because the Service untimely assessed against the Baxters after their limitations period expired, a refund is mandated.

4. *Conclusion.*

Because the Internal Revenue Service did not issue a notice of deficiency and untimely assessed against the Baxters, a refund is mandated. Donald and Frances Baxter will take $305,098, plus interest pursuant to 26 U.S.C. §§ 6611, 6621 and subject to 26 U.S.C. § 6402, from the United States of America for the 1984 and 1985 years. The Unites States may apply the mandated refunds as offsets or other appropriate means under 26 U.S.C. § 6402.

Signed on March __17__, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge